UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REPUBLIC INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4748** |
| **HOUSING AUTHORITY OF NEW ORLEANS** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Republic Insurance Company's Motion to Reopen to Enforce Settlement Agreement and for Leave to File Amended Complaint for Breach of Contract, Declaratory Judgment, Injunctive Relief and Sanctions (Doc. #44) is **GRANTED**.

### BACKGROUND

This matter is before the court on plaintiff's motion to reopen to enforce the settlement agreement and for leave to file an amended complaint for breach of contract, declaratory judgment, injunctive relief and sanctions. Plaintiff argues that it is entitled to such relief because defendant breached the settlement agreement entered into in this matter on September 23, 2009.

On October 28, 2008, plaintiff, Republic Insurance Company, filed this action in the United States District Court for the Eastern District of Louisiana against its insured, defendant The Housing Authority of New Orleans ("HANO"). In the complaint, Republic alleged that it issued a commercial general liability insurance policy to HANO that was effective from May 31, 1984 to October 4, 1985, and provided personal injury liability coverage with $1,000,000 limit of liability.

Republic also alleged that it, HANO, and HANO's other insurers were made direct defendants in a class action lawsuit filed in the Civil District Court, Parish of Orleans, State of Louisiana entitled, <u>John Johnson, et al. v. Orleans Parish Sch. Bd.</u>, Civil Action No. 93-14333 c/w 94-12996 c/w 94-13271, in which the plaintiffs allege that they were damaged by exposure to

harmful conditions during the late 1960's through 2001 at a site in eastern New Orleans where the City of New Orleans once operated a landfill.  In the Johnson Class Action, the court rendered judgment in favor of certain named plaintiffs and against HANO and its insurers, including Republic, holding them jointly and solidarily liable for plaintiffs' damages.  The court also held that the Republic policy provided personal injury liability for plaintiffs' claims against HANO, rendering Republic solidarily liable with HANO to all plaintiffs who sustained damages within the policy periods.

Republic filed this action in the United States District Court for the Eastern District of Louisiana seeking a declaratory judgment that its liability was capped at the $1,000,000 aggregate limit for personal injury liability coverage in the policy.  Republic alleged that HANO contributed a small portion of the settlement award, not its virile share, and that Republic and HANO's other insurers satisfied the full amount of the judgment while reserving their rights to seek contribution from HANO for its virile share of the Johnson Class Action judgment.  Republic further alleged that it calculated its pro rata share of that judgment to be $27,628.40, but that it paid $269,314.18 to satisfy the judgment.  Republic sought contribution from HANO for the excess amount it paid.

On May 13, 2009, Republic filed a motion for summary judgment arguing that it was entitled to a declaration that the aggregate limit of liability for the personal injury liability coverage in the policy was $1,000,000.  This court granted that motion.

On July 15, 2009, Republic and HANO participated in a settlement conference with the United States Magistrate Judge.  Thereafter, the parties reached a compromise, the terms of which were recited before the United States Magistrate Judge.

On August 3, 2009, this court issued an order that stated:

> The court having been advised by counsel for the parties that all of the parties to this action have firmly agreed upon a compromise, IT IS ORDERED that the action be and is hereby dismissed without prejudice to the right, upon good cause shown, to reopen the action or to seek summary judgment enforcing the compromise if settlement is not consummated within a reasonable time. Each party will bear its own costs. The Court retains jurisdiction for all purposes, including enforcing the settlement agreement entered into by the parties.

HANO executed the settlement agreement on August 17, 2009, and Republic executed it on September 23, 2009. Pursuant to the settlement agreement, Republic released its claims for contribution from HANO of amounts paid by Republic in excess of its proportionate share of the January 12, 2006, Johnson Class Action Judgment. In exchange, HANO stipulated that the $1,000,000 aggregate limit for personal injury liability in the policy would be reduced by $27,613.94, withdrew its motion for leave to file a cross-claim for defense costs, and released any and all claims, know or unknown, which it may have or may ever have had, against Republic, "arising out of or in any way related to HANO's past, present and future defense claims, demands or causes of action relating to a duty to defend, or recover or reimbursement of defense costs and fees incurred" in the Johnson Class Action "including claims for statutory penalties and/or bad faith. Further, the parties agreed that this court would retain jurisdiction over any disputes arising in connection with the Settlement Agreement.

On September 17, 2009, the parties moved to dismiss the case with prejudice. This court granted the motion on September 18, 2009, and issued an order that stated:

> Considering the foregoing Joint Motion to Dismiss with Prejudice;
>
> IT IS HEREBY ORDERED AND DECREED that the Joint Motion to Dismiss with Prejudice be granted and that captioned litigation be dismissed, with prejudice, each party to bear its own costs.

On May 31, 2012, the Supreme Court of Louisiana, considering issues in the Johnson Class Action in the state court, held that the Republic policy provides an aggregate limit of $1,000,000 personal injury liability coverage, and remanded the matter to the trial court for further proceedings consistent with that opinion. As a result, Republic sought leave of court to deposit the remaining personal injury liability aggregate limit of liability, $972,375.59, plus judicial interest, into the court's registry and requested that it be dismissed from the Johnson Class Action with prejudice.

HANO opposed the motion, and sought leave of court in the Johnson Class Action to file cross-claims against its insurers, including Republic, alleging claims for the insurers' duty to defend, reimbursement of HANO's past, present, and future attorneys' fees, costs and expenses incurred, or to be incurred, by HANO in connection with its defense in the Johnson Class Action, and statutory penalties. HANO acknowledges the settlement agreement entered into in this case, but argues that it pertains only to attorneys' fees incurred form 1996 through 2009 in the Johnson Class Action and that it is void for lack of consideration and lesion beyond moiety due to unanticipated attorneys' fees and expert costs it incurred since the settlement agreement was executed. Republic also argues that the settlement agreement is contrary to public policy to the extent that Republic attempts to obtain immunity from statutory penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973. Further, HANO contends that Republic has breached certain potestative, resolutory and/or suspensive conditions within the settlement agreement in which it guaranteed to comply with

its contractual and statutory obligations of good faith, fair dealing, duty to settle claims, duty to defend HANO and duty to cooperate in HANO's defense.

Republic opposed HANO's motion in Johnson Class Action arguing that the settlement agreement entered in this matter operates as res judicata to those claims. Also, on September 12, 2012, Republic filed the instant motion to reopen this case to enforce the settlement agreement and for leave to file an amended complaint alleging breach of contract, declaratory judgment, injunctive relief and sanctions. Republic argues that this court has ancillary and independent subject matter jurisdiction to enforce the settlement agreement. Specifically, Republic argues that this court has ancillary jurisdiction because it retained jurisdiction to enforce the settlement agreement in its August 3, 2009, Order dismissing the case, and because the terms of the settlement agreement were recited in front of the United States Magistrate Judge. Republic also argues that this court has independent subject matter jurisdiction to enforce the settlement agreement under 28 U.S.C. § 1332, because the parties are completely diverse and there is more than $75,000 in controversy. Republic does not seek to void the judgment and reopen the underlying litigation under Rule 60(b)(6) of the Federal Rules of Civil Procedure, but rather seeks to enforce the settlement agreement.

HANO argues that Republic's motion should be denied because it is untimely under Rule 60(b)(6), and there are no extraordinary circumstances that justify reopening the case under that rule. Further, HANO argues that the court does not have ancillary jurisdiction to enforce the settlement agreement because it did not incorporate the terms of the settlement agreement into its September 18, 2009, final order of dismissal. Alternatively, HANO argues that this court should abstain from exercising jurisdiction over this case.

## ANALYSIS

**A.      Reopening a Case Under Rule 60(b)(6) of the Federal Rules of Civil Procedure**

HANO argues that Republic's motion to reopen the case should be construed as a motion brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure, and should be denied because it was untimely and there are no "extraordinary circumstances" that justify relief under that rule.

Rule 60(b)(6) provides that "[o]n a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . for any other reason that justifies relief." Such a motion "must be made within a reasonable time." FED. R. CIV. P. 60(c). To obtain relief under Rule 60(b)(6), the movant must "show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez, 125 S.Ct. at 2649 (citations omitted).

If a party breaches a settlement agreement, a district court may use Rule 60(b)(6) to reopen a matter to reinstate the plaintiff's cause of action and return the parties to the pre-settlement status quo. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2864 (2d ed. 1995); see also Kokkonen v. Guardian Life Ins. Co. of Am., 114 S.Ct. 1673, 1675 (1994) (noting that some courts of appeals have held that Rule 60(b)(6) empowers district courts to reopen suits due to a breach of the settlement agreement). However, "[e]nforcement of the settlement agreement, through damages or specific performance, is more than a continuation of the lawsuit and is not handled under Rule 60(b)(6)." Id. (citing Kokkonen, 114 S.Ct. 1673). Rather, enforcement of the settlement agreement may be brought in a separate suit based on contract principles or within the context of the underlying litigation. Hensley v. Alcon, 277 F.3d 535, 540 (4th Cir. 2002).

Because Republic does not seek to reopen the case and reinstate its claims as they existed prior to the settlement agreement, but to enforce the settlement agreement, Rule 60(b)(6) is inapplicable and unnecessary.

**B.     Ancillary and Independent Jurisdiction**

Republic argues that this court has independent jurisdiction over its motion to enforce the settlement under 28 U.S.C. § 1332, because the parties are of diverse citizenship and there is more than $75,000 in controversy. Republic alleges that it is incorporated in Texas and maintains its principal place of business in New York, that HANO is a public agency and political subdivision of the State of Louisiana, and that the amount in controversy is its contribution claim against HANO that it released in the settlement agreement, which exceeds $240,000.

In Kokkonen, 114 S.Ct. at 1675-76, the Supreme Court of the United States, recognizing that federal courts are courts of limited jurisdiction, held that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." The Court concluded that the basis for jurisdiction may be ancillary jurisdiction if the district court made the settlement agreement part of its dismissal order that dismissed the case with prejudice by either specifically retaining jurisdiction to enforce the settlement agreement or by incorporating the terms of the settlement agreement in the order. Hospitality House v. Gilbert, 298 F.3d 424, 430 (5th Cir. 2002) (citing Kokkonen, 114 S.Ct. at 1677). The Court reasoned that when "a district court makes the [settlement] agreement *part* of its dismissal order, 'a breach of the agreement would be a violation of the order,' and, thus, enforcement of the agreement would amount to enforcement of the order, an action that the court may take pursuant to its ancillary jurisdiction

'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Id. (quoting Kokkonen, 114 S.Ct. at 1677).

Conversely, if the district court "does not make a settlement agreement part of its dismissal order, 'jurisdiction over [the agreement] is in no way essential to the conduct of federal-court business,' and, thus, absent some independent basis for federal jurisdiction, 'enforcement of the settlement agreement is for state court.'" Id. (quoting Kokkonen, 114 S.Ct. at 1677). In Blue Cross and Blue Shield Ass'n. v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006), the United States Court of Appeals for the Seventh Circuit stated that there is no need to file a new suit to enforce a settlement agreement. The court noted that "*Kokkonen* is about adjudicatory competence, not the number of filing fees a plaintiff must pay. As long as § 1332 supplies authority to decide, the court may act without a fresh complaint." Id.

In this case, this court did not retain jurisdiction to enforce the settlement agreement or specifically incorporate the settlement agreement into its September 18, 2009, Order dismissing this case with prejudice. Therefore, it does not have ancillary jurisdiction to enforce the settlement agreement. However, this court does have independent subject matter jurisdiction to enforce the settlement agreement under 28 U.S.C. § 1332. Based on Republics allegations regarding the parties' citizenship and the amount in controversy, the parties are completely diverse and there is more than $75,000 in controversy.

## C.     Abstention Doctrines

HANO contends that the court should abstain from hearing Republic's claims regarding the enforcement of the settlement agreement under the Younger, Colorado River, or Brillhardt abstention doctrines because the claims concern matters that are pending in state court.

1. **Younger**

In Younger v. Harris, 91 S.Ct. 746, 750-51 (1971), the Supreme Court of the United States instructed that the principles of equity, comity, and federalism support a long-standing public policy against federal court interference with state court proceedings. "Federal courts do not abstain on Younger grounds because they lack jurisdiction; rather, Younger abstention reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses." Weekly v. Morrow, 204 F.3d 613 (5th Cir. 2000). The Supreme Court of the United States has set out a three-part test under which abstention under Younger is advised: "(1) the dispute should involve an ongoing state judicial proceeding; (2) the state must have an important interest in regulating the subject matter of the claim and (3) there should be an adequate opportunity in the state proceeding to raise constitutional challenges." Wightman v. Tex. Supreme Court, 84 F.3d 188, 189 (5th Cir. 1996) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 102 S.Ct. 2515, 2521 (1982)).

This dispute involves an ongoing state judicial proceeding, the Johnson Class Action. There has been no indication that there would not be adequate opportunity in the state proceeding to raise constitutional challenges, if they become applicable. However, while the state has an interest in regulating insurance contracts, it does not have as strong of an interest as this court in enforcing a settlement agreement that was entered into in this federal court case. Therefore, abstention under the Younger abstention doctrine is unwarranted.

2. **Colorado River**

Pursuant to the Colorado River abstention doctrine, a district court may stay or dismiss a federal suit when there is a parallel suit pending in state court. Colorado River Water Conservation Dist. v. United States, 96 S.Ct. 1236 (1976). A federal and a state lawsuit are parallel when they

9

have the same parties and the same issues. RepublicBank Dallas Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987). Under Colorado River, a district court may abstain from a case only under "exceptional circumstances." Colorado River, 96 S.Ct. at 1244. To determine whether "exceptional circumstances" exist, the court examines six factors: (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. Kelly Inv., Inc. v. Cont'l Common Corp., 315 F.3d 494, 497 (5th Cir. 2002).

Although this dispute involves an ongoing state judicial proceeding, the Johnson Class Action, the proceedings are not parallel because they do not involve exactly the same parties and issues. The Johnson Class Action involves the tort claims of thousands of plaintiffs regarding harmful exposure to a former landfill. This federal court case does not encompass those plaintiffs or their claims. Instead, the federal court case involves only two parties, Republic and HANO, and the claims stem from an insurance policy and enforcement of a settlement agreement. Therefore, the cases are not parallel, and abstention under the Colorado River abstention doctrine is unwarranted.

### 3. **Brillhart**

In Brillhart v. Excess Ins. Co. of Am., 62 S.Ct. 1173 (1942), the Supreme Court of the United States held that a district court is to use its discretion in determining whether to exercise jurisdiction in declaratory judgment actions by examining whether the parties' dispute "can be better settled in proceedings pending in the state court." Id. at 1176.

10

In this case, Republic seeks leave to file an amended complaint that includes a request for declaratory judgment that HANO breached the settlement agreement, that HANO released its claims for attorneys' fees against Republic and those claims are barred by res judicata, and that Republic has no liability to HANO for defense claims or penalties and bad faith. As stated above, this court has a greater interest than the state court in enforcing a settlement agremeent that was confected to resolve federal court litigation. Further, these issues cannot be better settled in the context of the state court class action suit because that suit involves multiple claims of multiple parties, whereas this suit involves limited issues between two parties, and the state court litigation is stayed while motions to recuse the appointed ad hoc judge are considered. Therefore, abstention under the Brillhart abstention doctrine is unwarranted.

## CONCLUSION

**IT IS HEREBY ORDERED** that Republic Insurance Company's Motion to Reopen to Enforce Settlement Agreement and for Leave to File Amended Complaint for Breach of Contract, Declaratory Judgment, Injunctive Relief and Sanctions (Doc. #44) is **GRANTED**.

New Orleans, Louisiana, this __1st__ day of November, 2012.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

11