**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REPUBLIC INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4748** |
| **HOUSING AUTHORITY OF NEW ORLEANS** | **SECTION: "S" (1)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Republic Insurance Company's Motion for Summary Judgment (Doc. #67) is **GRANTED** as to a declaration that the settlement agreement was a valid contract when it was confected in 2009.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **GRANTED** as to a declaration that the Housing Authority of New Orleans ("HANO") compromised all past and future claims for defense costs and bad faith penalties against Republic related to the Johnson Class Action.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **GRANTED** as to a declaration that further claims by HANO against Republic for defense costs or bad faith penalties related to the Johnson Class Action are barred by res judicata.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **GRANTED** as to a declaration that HANO breached the 2009 settlement agreement by seeking to re-assert claims against Republic for defense costs and bad faith penalties related to the Johnson Class Action.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **DENIED** as to awarding damages for HANO's breach of the 2009 settlement agreement.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **DENIED** as to a permanent injunction.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **DENIED** as to imposing sanctions on HANO.

## BACKGROUND

This matter is before the court on plaintiff's motion for summary judgment.  Plaintiff, Republic Insurance Company, seeks a declaratory judgment holding that: (1) Republic and defendant, HANO, entered into a valid settlement agreement in 2009; (2) HANO compromised all of its claims for past and future defense costs and bad faith penalties in the settlement agreement; (3) any further claims by HANO against Republic for defense costs or for bad faith penalties are barred by res judicata; and, (4) HANO breached the settlement agreement by seeking to re-assert claims against Republic for defense costs and bad faith penalties.  Republic also seeks an injunction preventing HANO from litigating claims it compromised in the settlement agreement, summary judgment on its breach of contract claim, and sanctions.

On October 28, 2008, Republic filed this action in the United States District Court for the Eastern District of Louisiana against its insured, HANO.  In the complaint, Republic alleged that it issued a commercial general liability insurance policy to HANO that was effective from May 31, 1984 to October 4, 1985, and provided personal injury liability coverage with $1,000,000 limit of liability.

Republic also alleged that it, HANO, and HANO's other insurers were made direct defendants in a class action lawsuit filed in the Civil District Court, Parish of Orleans, State of

2

Louisiana entitled, <u>John Johnson, et al. v. Orleans Parish Sch. Bd.</u>, Civil Action No. 93-14333 c/w 94-12996 c/w 94-13271, in which the plaintiffs allege that they were damaged by exposure to harmful conditions during the late 1960's through 2001 at a site in eastern New Orleans where the City of New Orleans once operated a landfill.  In the Johnson Class Action, the state court rendered judgment in favor of certain named plaintiffs and against HANO and its insurers, including Republic, holding them liable jointly and in solido[1] for plaintiffs' damages.  The state court also held that the Republic policy provided personal injury liability for plaintiffs' claims against HANO, rendering Republic solidarily liable with HANO to all plaintiffs who sustained damages within the policy periods.

Republic filed this action in the United States District Court for the Eastern District of Louisiana seeking a declaratory judgment that its liability was capped at the $1,000,000 aggregate limit for personal injury liability coverage in the policy.  Republic alleged that HANO contributed a small portion of the settlement award, not its virile share, and that Republic and HANO's other insurers satisfied the full amount of the judgment while reserving their rights to seek contribution from HANO for its virile share of the Johnson Class Action judgment.  Republic further alleged that it calculated its pro rata share of that judgment to be $27,628.40, but that it paid $269,314.18 to satisfy the judgment.  Republic sought contribution from HANO for the excess amount it paid. HANO filed a counter-claim against Republic for defense costs.

---

[1] This language reflected the law in effect at the time of the event giving rise to the damages.

On May 13, 2009, Republic filed a motion for summary judgment arguing that it was entitled to a declaration that the aggregate limit of liability for the personal injury liability coverage in the policy was $1,000,000. This court granted that motion.

On July 15, 2009, Republic and HANO participated in a settlement conference with the United States Magistrate Judge. Thereafter, the parties reached a compromise, the terms of which were recited into the record before the United States Magistrate Judge. HANO executed the settlement agreement on August 17, 2009, and Republic executed it on September 23, 2009.

Pursuant to the settlement agreement, Republic released its claims for contribution from HANO of amounts paid by Republic in excess of its proportionate share of the January 12, 2006, Johnson Class Action Judgment. In exchange, HANO stipulated that the $1,000,000 aggregate limit for personal injury liability in the policy would be reduced by $27,613.94, agreed to withdraw its motion for leave to file a cross-claim against Republic for defense costs in the Johnson Class Action, and released its claims against Republic related to defense costs and the duty to defend. The Settlement Agreement provided, in pertinent part:

*        *        *

WHEREAS, . . . in order to avoid the cost and uncertainty of further litigation, Republic and HANO have decided, . . ., to compromise their disputes with respect to: (1) HANO's claims for recovery of past defense costs and coverage for future defense costs incurred in the *Johnson* Litigation or related matters, and (2) Republic's claim for contribution from HANO for amounts paid by Republic in excess of its proportionate share of the January 12, 1996 judgment in the *Johnson* Litigation;

NOW, THEREFORE, in consideration of the foregoing recitals, mutual covenants and representations, together with good and valuable consideration, the parties agree to the following:

1.      HANO, with the express intention of binding itself, its heirs, legal representatives, and assigns, hereby expressly and unconditionally declares that any and all claims, demands, rights, penalties, controversies, expenses, attorneys' fees, compensation, loss of services, subrogated rights, liabilities, damages and causes of action, whether based in contract, tort, statute, regulation, or upon any other legal theory, which it may have or could have, known or unknown, which HANO now has, has ever had, or ever may in the future have against Republic and its respective officers, directors, members, administrators, executors, agents, employees, successors, representatives, heirs, attorneys, adjusters, parent or affiliate companies and subsidiaries, assigns and insurers, and anyone else for whom Republic may be responsible, arising out of or in any way related to HANO's past, present and future defense claims, damages or causes of action relating to a duty to defend, or recovery or reimbursement of defense costs and fees incurred in the *Johnson* Litigation or related matters, including any consequences or disputes now existing or which may develop, whether or not such consequences or disputes are now known or anticipated, including claims for statutory penalties and/or bad faith, and regardless of whether such claims have been raised or not raised in the *Johnson* Litigation or Federal Action, are fully and completely released, acquitted, and discharged.

                              *        *        *

9.      This Agreement is entered into voluntarily by HANO and Republic, upon the understanding that the disputes between HANO and Republic in the Federal Action and *Johnson* Litigation relating to HANO's past, present, and future defense claims, including claims relating to a duty to defend, reimbursement for defense costs and fees, and penalties and bad faith, shall be finally concluded without any further legal action or other action on any side.

                              *        *        *

10.    This Agreement, executed in counterparts, shall supersede any other prior understandings and agreements, either written or oral, between the parties and shall constitute the entire accommodation and compromise agreement of the parties with respect to the matters contained herein.  This Agreement

> may not be altered, amended, modified or supplemented,
> except by a writing signed by HANO and Republic.

On September 17, 2009, the parties moved to dismiss the case with prejudice.  This court granted the motion on September 18, 2009.

On May 31, 2012, the Supreme Court of Louisiana, considering issues in the Johnson Class Action, held that the Republic policy provides an aggregate limit of $1,000,000 personal injury liability coverage, and remanded the matter to the trial court for further proceedings consistent with that opinion.  As a result, Republic sought leave of court to deposit the remaining personal injury liability aggregate limit of liability, $972,375.59, plus judicial interest, into the court's registry and requested that it be dismissed from the Johnson Class Action with prejudice.

HANO opposed the motion, and sought leave of court in the Johnson Class Action to file cross-claims against its insurers, including Republic, alleging claims for the insurers' duty to defend, reimbursement of HANO's past, present, and future attorneys' fees, costs and expenses incurred or to be incurred by HANO in connection with its defense in the Johnson Class Action, and statutory penalties.  HANO acknowledged the settlement agreement entered into in this case, but argued that it pertains only to attorneys' fees incurred form 1996 through 2009 in the Johnson Class Action and that it is void for lack of consideration and lesion beyond moiety due to unanticipated attorneys' fees and expert costs it incurred since the settlement agreement was executed.  Republic also argues that the settlement agreement is contrary to public policy to the extent that Republic attempts to obtain immunity from statutory penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973.  Further, HANO contends that Republic has breached certain potestative, resolutory and/or suspensive conditions within the settlement agreement in which it guaranteed to comply with its contractual and statutory obligations of good faith, fair dealing, duty to settle claims, duty to defend

6

HANO and duty to cooperate in HANO's defense.  HANO's motion remains pending in the Johnson Class Action.  However, Republic was permitted to deposit the funds into the registry of the court, and the plaintiffs' claims against Republic were dismissed.

On September 12, 2012, Republic filed a motion to reopen this case to enforce the settlement agreement and for leave to file an amended complaint alleging breach of contract, declaratory judgment, injunctive relief and sanctions.  This court granted the motion, and thereafter, Republic filed the instant motion for summary judgment.

## ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.    Declaratory Judgment**

The federal Declaratory Judgment Act states: "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  "A federal court may not issue a declaratory judgment unless there exists an 'actual controversy'; i.e., there must be a substantial controversy of sufficient immediacy and reality between the parties having adverse legal interests." Middle S. Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986).  A controversy is justiciable only where "it can be presently litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Rowan Cos. v. Grim, 876 F.2d 26, 28 (5th Cir. 1989) (quoting Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967)).  It gives federal courts the competence to declare rights, but it does not impose a duty to do so.  If there is jurisdiction, whether to grant a declaratory judgment is within the sound discretion of the trial court.

In this case, Republic seeks a declaratory judgment that: (1) Republic and HANO entered into a valid settlement agreement in 2009; (2) HANO compromised all of its claims for past and future defense costs and bad faith penalties in the settlement agreement; (3) any further claims by HANO against Republic for defense costs or for bad faith penalties are barred by res judicata; and, (4) HANO breached the settlement agreement by seeking to re-assert claims against Republic for defense costs and bad faith penalties.  There is clearly an actual controversy between Republic and HANO regarding the parties' rights and obligations under the 2009 settlement agreement.  HANO seeks to bring claims against Republic in the Johnson Class Action that Republic contends were

8

compromised under the 2009 settlement agreement.  Therefore, this court may consider Republic's motion for declaratory judgment.

### 1.  The Validity and Scope of the 2009 Settlement Agreement

A settlement agreement is a contract. See In re Raymark Indus., Inc., 831 F.2d 550, 553 (5th Cir. 1987).  Under Louisiana law, "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or uncertainty concerning an obligation or other legal relationship." LA. CIVE CODE art. 3071.  A valid and enforceable settlement agreement may be a compromise if it is reduced to writing, and the term "settlement" is the same as the term "compromise" in connection with the rules governing compromises. Id. at 3071, 2007 REVISION COMMENTS (c).  "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." LA. CIV. CODE art. 1906.

Under Louisiana law, the formation of a valid contract requires: (1) capacity to contract; (2) mutual consent; (3) a certain object; and, (4) a lawful purpose. Id. at 1918, 1927, 1966, and 1971.  Further, a compromise, or settlement, must be made in writing or recited in open court. Id. at 3072.

In this case, it is undisputed that the parties entered into a valid contract at the time that it was executed.  The parties had the capacity to contract. See id. at 1918 ("All persons have the capacity to contract, except unemancipated minors, interdicts, and persons deprived of reason at the time of contracting.").  The parties mutually consented to the settlement agreement, as evidenced by the notarized signatures of their representatives. See id. at 1927 ("A contract is formed by the consent of the parties established through offer and acceptance.").  Further, the settlement agreement had a certain object and lawful purpose, i.e. the compromise of the parties' claims against each other. See id. at 1966 ("An obligation cannot exist without a lawful cause."); see also id. at 1967 ("Cause

is the reason why a party obligates himself."); see also id. at 1971 ("Parties are free to contract for any object that is lawful, possible, and determined or determinable."). Therefore, Republic's motion is GRANTED as to declaring that the settlement agreement was a valid contract when it was confected in 2009.

### 2. HANO's Compromise of Claims for Past and Future Defense Costs and Bad Faith Penalties

Republic seeks a declaratory judgment stating that HANO compromised all of its claims against Republic for past and future defense costs and bad faith penalties.

A settlement agreement is the law between the parties and must be interpreted according to their true intent. Chalmette Retail Ctr., L.L.C. v. Lafayette Ins. Co., 31 So.3d 485, 492 (La. Ct. App. 2009) (citing Uritchey v. Azar, 383 So.2d 360, 362 (La. 1980)). It "is a written contract and it is construed according to the same general rules applicable to contracts." Brown v. Drillers, Inc., 630 So.2d 741, 748 (La. 1994). Generally, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE art. 2046. Also, each provision of a settlement agreement must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." Id. at 2050. Further, it is "construed as a whole and in light of the attending events and circumstances" at the time of execution. Chalmette Retail Cntr., 21 So.3d at 492 (citing Brown, 630 So.2d at 748).

The Louisiana Civil Code provides further instructions for interpreting settlement agreements. Particularly, "[a] compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." Id. at 3076. Further, "[a] compromise does not affect rights subsequently acquired by a party, unless those rights are

10

expressly included in the agreement." <u>Id.</u> at 3078.  The 2007 Revision Comments to Article 3078 state that the Article does "not dispense with the requirement that a party act in good faith as required by law." <u>Id.</u> at 3078, 2007 REVISION COMMENTS (b).  Thus, "releases of future actions are narrowly construed," and "if the release instrument leaves any doubt as to whether a particular future action is covered by the compromise, it should be construed not to cover such future action." <u>Brown</u>, 630 So.2d at 753.

In the settlement agreement, HANO compromised all claims against Republic "arising out of or in any way related to HANO's past, present and future defense claims, damages or causes of action relating to a duty to defend, or recovery or reimbursement of defense costs and fees incurred in the *Johnson* Litigation or related matters, including any consequences or disputes now existing or which may develop, . . ., including claims for statutory penalties and/or bad faith." This language clearly states that HANO compromised all claims, including future claims, against Republic in connection with the Johnson Class Action relating to Republic's duty to defend HANO, defense costs and statutory and bad faith penalties.  There is no doubt that future actions are covered by this compromise.  Thus, Republic is entitled to a declaration that HANO compromised its past and future claims related to Republic's duty to defend HANO in the Johnson Class Action, including any statutory and/or bad faith penalties, unless the settlement agreement is void or has been amended for a reason advanced by HANO.  "Compromises are favored in the law, and the burden of proving the invalidity of such an agreement lies with the party attacking it." <u>Hancock Bank of La. v. Holmes</u>, 40 So.3d 1131, 1134 (La. Ct. App. 2010) (citing <u>Rivett v. State Farm</u>, 508 So.2d 1356 (La. 1987)).

### a.  Void for Lack of Consideration or Lesion

HANO argues that the 2009 Settlement Agreement is void for lack of consideration, or lesion, "due to unanticipated attorneys' fees and expert costs which HANO has incurred since that settlement."

Louisiana Civil Code article 3082 provides that "[a] compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts.  Nevertheless, a compromise cannot be rescinded on grounds of error of law or lesion."  HANO has not alleged any error or fraud in connection with the settlement agreement.  Instead, HANO argues that the settlement agreement was lesionary because HANO subsequently incurred excessive unanticipated fees and costs. "The mere fact that a bad bargain has been made is not of itself sufficient ground for invalidating a compromise." Krampe v. Krampe, 510 So.2d 1289, 1292 (La. Ct. App. 1987) (citing Saunders v. New Orleans Pub. Serv., Inc., 387 So.2d 603 (La. Ct. App. 1980)). Therefore, HANO cannot seek recision of the settlement agreement upon these grounds.

### b.  Void as Against Public Policy

HANO argues that the 2009 Settlement Agreement is void because it is against public policy "to the extent that Republic attempted to obtain immunity from statutory penalties for its future violations of La. R.S. 22:1892[2] and 22:1973."

A state's public policies are found in "the Constitution, the laws, and the judicial decisions of the court of last resort of that state." W.L. Slaton & Co. v. Newton & Morgan, 299 F. 279, 280 (5th Cir. 1924) (citing Order of St. Benedict v. Steinhauser, 34 S.Ct. 932 (1914); Couch v. Hutchinson, 57 So. 75 (Ala. Civ. App. 1911)). In Louisiana, it is against public policy to

---

[2] Louisiana Revised Statutes § 22:1892 codifies an insurer's duty regarding the payment of claims after the receipt of a satisfactory proof of loss, which is not an issue in this case.

contractually, in advance, exclude or limit one party's liability for intentional or gross fault that

causes damage to the other party. La. Civ. Code art. 2004.  Such clauses are invalid "because a party

would be free to perform or not to perform at will," which would make its obligation "subject to a

purely potestative condition that would make it null." LA. CIV. CODE art. 2004, 1984 REVISION

COMMENTS (a).  Further, "such clauses are against public policy because the overriding principle

of good faith would be destroyed if it were possible to contract away liability for fraud." Id.

Also, in Louisiana, there is a public policy of "good faith and fair dealing" in an insurer's

contractual relationship with its insured. Theriot v. Midland Risk Ins. Co., 694 So.2d 184, 193 (La.

1997).  La. Rev. Stat. § 22:1973 provides, in pertinent part:

> A.  An insurer, . . ., owes to his insured a duty of good faith and fair
> dealing.  The insurer has an affirmative duty to adjust claims fairly
> and promptly and to make a reasonable effort to settle claims with the
> insured or the claimant, or both.  Any insurer who breaches these
> duties shall be liable for any damages sustained as a result of the
> breach.
>
> B.   Any one of the following acts, if knowingly committed or
> performed by an insurer, constitutes a breach of the insurer's duties
> in Subsection A of the Section:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions
> relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement
> is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of
> an application which the insurer knows was altered without notice to,
> or knowledge or consent of, the insured.
>
> (4) Misleading a claimant as to the applicable prescriptive period.
>
> (5) Failing to pay the amount of any claim due any person insured by
> the contract within sixty days after receipt of a satisfactory proof of

loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

C.   In addition to any general or special damages to which the claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.  Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

This statute "recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer." Id. (citing Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La. 1978)).  Because the statute did not create the insured's cause of action against the insurer for bad faith, "the bases for an insured's cause of action for a breach of the implied covenant of good faith and fair dealing are not limited by the prohibited acts listed in La. R.S. 22:1220(B)." Stanley v. Trinchard, 500 F.3d 411, 427 (5th Cir. 2007) (citing Theriot, 694 So.2d at 193).  The duty of good faith and fair dealing also includes "the duty to discharge policy obligations to the insured in good faith, to defend the insured against covered claims[3] and to consider the interests of the insured as paramount in every

---

[3] In Am. Home Assurance Co. v. M.J. Czarniecki, 230 So.2d 253, 269 (La. 1969), the Supreme Court of Louisiana explained:

Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims.  And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.

Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit.

settlement." Id. (citing Pareti v. Sentry Indem. Co., 536 So.2d 417, 423 (La. 1988)).  Further, "a liability insurer is the representative of the interests of its insured, and the insurer, when handling claims, must carefully consider not only its own self-interest, but also its insured's interest so as to protect the insured from exposure to excess liability." Smith v. Audubon Ins. Co., 679 So.2d 372, 376 (La. 1996) (citing Holtzclaw, 355 So.2d 1279).

In this case, the settlement agreement states that HANO compromised all "past, present and future defense claims, damages or causes of action relating to a duty to defend, or recovery or reimbursement of defense costs and fees incurred in the *Johnson* Litigation . . . including claims for statutory penalties and/or bad faith" against Republic.  This language in the settlement agreement does not purport or attempt to absolve Republic from intentional or gross fault as is prohibited by La. Civ. Code art. 2004.  Instead, as discussed above, it is a valid compromise of HANO's specific claims against Republic related to the duty to defend.  Because Republic no longer has a duty to defend HANO, it cannot act in bad faith for failing to do so.  Therefore, HANO has not met its burden to prove that the 2009 settlement agreement is void as against public policy.

### c.  Amendment of the Settlement Agreement

HANO argues that the 2009 settlement agreement was amended by subsequent agreements between it and Republic.  Specifically, HANO argues that its agreements with Republic for "joint defense, joint retention of experts, [and] joint participation in trial preparations and depositions. . . constitute superseding agreements and waivers of the September 23, 2009 agreement." In support

---

Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured.

(citations omitted).

15

of this argument, HANO also states that Republic paid a share of expert fees on HANO's behalf, and agreed to share in the cost of court reporters and videographers, without contribution from HANO.

Paragraph 10 of the Settlement Agreement states that the agreement "may not be altered, amended, modified or supplemented, except by a writing signed by HANO and Republic."  HANO has not provided any evidence of a writing signed by both parties that alters, amends, modifies or supplements the 2009 Settlement Agreement.  Instead, HANO cites instances of cooperation between co-defendants in the Johnson Class Action.  That cooperation cannot be deemed to alter or amend any of the terms of the 2009 Settlement Agreement.

Because HANO has not proved that the 2009 settlement agreement was void or amended, Republic's motion is GRANTED as to declaring that HANO compromised all past and future claims for defense costs and bad faith penalties against Republic related to the Johnson Class Action.

### 3.  Further claims by HANO against Republic for defense costs or bad faith penalties are barred by res judicata

Republic seeks a declaratory judgment stating that HANO's claims for defense costs or bad faith penalties are barred by res judicata due to the settlement agreement entered into in this federal case.

 "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009) (internal quotations and citations omitted). "Res judicata insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." Id.

When a federal court exercises diversity of citizenship subject matter jurisdiction in a case, such as in this case, the court must apply the law of the forum state in determining the preclusive

effect of a prior judgment, unless the state's law is incompatible with federal interest.  Am. Home Assurance Co. v. Chevron, USA, Inc., 400 F.3d 265, 271 n. 20 (5th Cir. 2005) (citing Smtek Int'l Inc. v. Lockheed Martin Corp., 121 S.Ct. 1021, 1028 (2001)).  Under Louisiana law, "[a] compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." LA. CIV. CODE art. 3080.  Thus, a compromise is treated as a judgment for res judicata purposes.

As recognized by the United States Court of Appeals for the Fifth Circuit in Frank C. Minville LLC v. Atl. Refining Co., 337 Fed. Appx. 429, 434 (5th Cir. 2009), "Louisiana courts 'have repeatedly confirmed that federal law is applicable to consideration of whether a federal court judgment has res judicata effect.'" (citing Jones ex rel. Jones v. GEO Group, Inc., 6 So.3d 1021, 1025 (La. Ct. App. 2009); Green v. Iberia Par. Sch. Bd., 945 So.2d 940, 943 (La. Ct. App. 2006)). Further, "[a] compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." LA. CIV. CODE art. 3080.  Thus, a compromise is treated as a judgment for res judicata purposes.

Under federal law, a judgment precludes future actions on the basis of res judicata when: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and, (4) the same claim or cause of action was involved in both actions. Frank C. Minville, 337 Fed. Appx. at 435 (citing Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005)).

Here, HANO does not dispute that the doctrine of res judicata applies to the settlement agreement.  Instead, HANO argues that it compromised only those claims that predated the

settlement agreement, but did not compromise any claims that arose after the settlement agreement was confected.

As discussed above, the settlement agreement clearly states that HANO compromised all claims, including future claims, against Republic in connection with the Johnson Class Action relating to Republic's duty to defend HANO, defense costs and statutory and bad faith penalties. Therefore, Republic motion is GRANTED as to declaring that HANO compromised all past and future claims relating to the duty to defend or recovery or reimbursement for defense costs and fees, whether or not they were known or anticipated, including bad faith and statutory penalties.

### 4.   HANO's alleged breach of the settlement agreement by seeking to re-assert claims against Republic for defense costs and bad faith penalties

Republic seeks a declaratory judgment holding that HANO breached the settlement agreement by seeking to re-assert claims against Republic for defense costs and bad faith penalties.

Under Louisiana law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) a party's breach thereof; and, (3) damages resulting from the breach. See Favrot v. Favrot, 68 So.3d 1099, 1109 (La. Ct. App. 2011).

The settlement agreement was a valid contract.  HANO breached that contract by attempting to assert claims against Republic for defense costs and bad faith penalties.  Therefore, Republic's motion is GRANTED as to declaring that HANO breached the settlement agreement by attempting to assert claims for defense costs and bad faith penalties.[4]

---

[4] Republic also seeks damages for HANO's breach of contract, but does not submit proof of the damages it sustained.  Therefore, Republic's damages for HANO's breach of contract will not be analyzed.

C.      **Permanent Injunction**

Republic seeks a permanent injunction preventing HANO from re-litigating issues related to defense costs and bad faith penalties, in any court, but particularly in the Johnson Class Action.

A permanent injunction may be granted if the movant establishes: (1) actual success on the merits; (2) irreparable injury if injunctive relief is not granted; (3) that the harm to the movant would outweigh the harm the party would suffer if the injunction is granted; and, (4) that the public interest would not be adversely affected by an injunction. A.W. Chesterton Co., Inc. v. Chesterton, 128 F.3d 1, 5 (1st Cir. 1997); see also Dresser-Rand Co. v. Virtual Automation, Inc., 361 F.3d 831, 847 (5th Cir. 2004).

Federal district courts have broad injunctive powers, including the power to protect their judgments under the All Writs Act, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  Although the Anti-Injunction Act, 28 U.S.C. § 2283, limits the federal courts' power to enjoin state court proceedings, a federal court may do so "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  For the re-litigation exception to the Anti-Injunction Act to apply to preclude litigation of a claim in state court:

> (1) the parties in a later action must be identical to (or at least in privity with) the parties in the prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and, (4) the same claim or cause of action must be involved in both suits.

Regions Bank of La. v. Rivet, 224 F.3d 483, 488 (5th Cir. 2000) (internal quotations and citations omitted).  It is not sufficient that a claim or issue could have been raised in the prior action, because the re-litigation exception "requires that the claims or issues that the federal injunction is to insulate

from litigation in state proceedings 'actually have been decided by the federal court.'" Id. (quoting Chick Kam Choo v. Exxon Corp., 108 S.Ct. 1684 (1988)).

In this case, Republic has demonstrated actual success on the merits of its claim that HANO breached the settlement agreement by attempting to bring claims against it in the Johnson Class Action that were compromised in the 2009 settlement agreement.  HANO would not suffer harm by being enjoined from re-litigating those claims because it already compromised its right to do so, and the public interest would be served by upholding the parties' valid compromise.  However, Republic has not proved irreparable harm because the expenses and attorneys' fees it would incur in re-litigating the settled claims can be compensated with money damages.   Therefore, Republic's motion for a permanent injunction is DENIED.

**D.    Sanctions**

Republic seeks attorneys' fees as sanctions against HANO for HANO's attempt to bring claims against Republic in the Johnson Class Action that were compromised in the 2009 settlement agreement.

Courts have "certain implied powers" that result "from the nature of their institution," and are necessary to the exercise of all of the courts' other powers.  Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2132 (1991).  These "inherent powers" are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. (citing Link v. Wabash R. Co., 82 S.Ct. 1386, 1388-89 (1962)).  "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. (citing Roadway Express, Inc. v. Piper, 100 S.Ct. 2455, 2463 (1980)).  "It is well settled, however, that the threshold for the use of inherent sanctioning power is high. . ." Maguire Oil Co. v. City of Hous.,

20

143 F.3d 205, 209 (5th Cir. 1998) (citing <u>Chaves v. M/V MEDINA STAR</u>, 47 F.3d 153, 156 (5th Cir. 1995).

A court may exercise its discretion to impose an appropriate sanction for conduct that abuses the judicial process, including the assessment of attorneys' fees in appropriate cases. <u>Id.</u> at 2133 (citing <u>Roadway Express</u>, 100 S.Ct. at 2463; <u>Hutto v. Finney</u>, 98 S.Ct. 2565, 2573, n. 14 (1978)). A court may uses its inherent powers to impose a sanction of attorneys' fees on a party under three circumstances.  First, the court may "award attorney's fees to a party whose litigation efforts directly benefit others." <u>Id.</u> (citing <u>Sprague v. Ticonic Nat'l Bank</u>, 59 S.Ct. 777, 778 (1939)).  Second, "a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" <u>Id.</u> (quoting <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 95 S.Ct. 1612, 1622 (1975)).  Third, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Id.</u> (quoting <u>Alyeska</u>, 95 S.Ct. at 1622-1623).  Under this third circumstance, "if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." <u>Id.</u> (internal quotations and citations omitted).

The court declines to award attorneys' fees as sanctions in this case.  Therefore, Republic's motion for sanctions is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Republic Insurance Company's Motion for Summary Judgment (Doc. #67) is **GRANTED** as to a declaration that the settlement agreement was a valid contract when it was confected in 2009.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **GRANTED** as to a declaration that the Housing Authority of New Orleans ("HANO") compromised all past and future claims for defense costs and bad faith penalties against Republic related to the Johnson Class Action.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **GRANTED** as to a declaration that further claims by HANO against Republic for defense costs or bad faith penalties related to the Johnson Class Action are barred by res judicata.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **GRANTED** as to a declaration that HANO breached the 2009 settlement agreement by seeking to re-assert claims against Republic for defense costs and bad faith penalties related to the Johnson Class Action.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **DENIED** as to awarding damages for HANO's breach of the 2009 settlement agreement.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **DENIED** as to a permanent injunction.

**IT IS FURTHER ORDERED** that Republic's Motion for Summary Judgment is **DENIED** as to imposing sanctions on HANO.

New Orleans, Louisiana, this  _2nd_  day of May, 2013.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

22